UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | AND JURY TRIAL DEMAND |
| Duke Energy Field Services, LP, ) | |
| DCP Midstream Partners, LP, ) | |
| DCP Midstream, LP and ) | |
| DCP Midstream, LLC, ) | |
| ) | |
| Defendants. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Daniel Mayo, an African-American who was affected by discrimination in the workplace. As alleged with greater particularity below, Duke Energy Field Services, LP, (now known as DCP Midstream Partners LP, and/or DCP Midstream, LLC, and/or DCP Midstream, LP) discriminated against Mayo by subjecting him to a racially hostile work environment and by terminating him because of his race and in retaliation for his protected conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maine.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e - 5 (f)(1) and (3).

4. At all relevant times, Defendant Duke Energy Field Services, LP, was doing business in the State of Maine, and continuously had at least 15 employees.  Duke Energy Field Services, LP, is now known as Defendant DCP Midstream Partners LP, and/or Defendant DCP Midstream, LLC, and/or Defendant DCP Midstream, LP.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant Duke Energy Field Services, LP, (now known as Defendant DCP Midstream Partners LP, and/or Defendant DCP Midstream, LLC, and/or Defendant DCP Midstream, LP) was an employer of Daniel Mayo.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Daniel Mayo ("Mayo") filed a charge with the Commission alleging violations of Title VII by Defendant Duke Energy Field Services, LP, (now known as Defendants DCP Midstream Partners LP, and/or DCP Midstream, LLC, and/or DCP Midstream, LP) (all four defendants hereafter collectively referred

to as "Duke/DCP Midstream"). All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Mayo, an African-American, began working for Duke/DCP Midstream in 2003 in a temporary position, and he was made a permanent employee on August 30, 2004, with the title of Propane Operator II.

9. From virtually the beginning of his employment, he was subjected to racial slurs, such as the use of the word "nigger," by a co-worker. In the presence of others, including his supervisor, the co-worker would refer to Mayo as a "stupid nigger" and a "lazy nigger."

10. Although his supervisor often heard these comments, and although Mayo complained to him about them, nothing was done to discipline the co-worker to relieve this racially hostile environment.

11. In or around September 2005, Mayo complained to his supervisor about a truck driver who was one of Duke/DCP Midstream's customers who had used the term "fucking nigger." Mayo threatened to take it over his supervisor's head if he did nothing. When managers above his supervisor banned the truck driver from the facility, his supervisor apologized to the truck driver and told the driver that "it was out of his hands."

12. In or around November 2005, Mayo called Duke/DCP Midstream's Ethics hotline to complain about the racially hostile work environment.

13. Because of his race and complaints about discrimination, Mayo was subjected to severe discipline, while similarly situated white employees, including the harassing co-worker, were not.

14. Because of his race and complaints about discrimination, Mayo was falsely accused of violating a safety rule and terminated on or about December 29, 2005. Similarly

situated white employees, including the harassing co-worker, who had engaged in the same or similar conduct were not disciplined or terminated.

15. The effect of the practices complained of above has been to deprive Mayo of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and protected activity, and to inflict emotional pain, suffering, loss of enjoyment of life, embarrassment, humiliation, and inconvenience upon him.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to Mayo's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race or retaliation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal opportunities for African-American employees and which eradicate the effects of their unlawful employment practices.

C. Order Defendants to make Mayo whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D. Order Defendants to make Mayo whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above,

including but not limited to job search expenses and contributions to pension and health insurance funds, in amounts to be determined at trial.

  E. Order Defendants to make Mayo whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience in amounts to be determined at trial.

  F. Order Defendants to pay Mayo punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 20, 2007
   Boston, Massachusetts

                Respectfully submitted,

                Ronald S. Cooper
                General Counsel
                James L. Lee
                Deputy General Counsel
                Gwendolyn Y. Reams
                Associate General Counsel
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                1801 L Street, N.W.
                Washington, D.C.  20507

/s/Elizabeth Grossman_____
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov


/s/Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193
markus.penzel@eeoc.gov