UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION,** | )<br>)<br>) |
| PLAINTIFF | ) |
| AND | )<br>) |
| **DANIEL MAYO,** | )<br>) |
| PLAINTIFF-INTERVENOR | )   CIVIL NO. 07-167-P-H |
| v. | )<br>) |
| **DCP MIDSTREAM, L.P.,** *formerly*<br>*known as* **DUKE ENERGY FIELD**<br>**SERVICES, L.P.,** | )<br>)<br>)<br>) |
| DEFENDANT | ) |

### DECISION AND ORDER ON PLAINTIFF'S AND PLAINTIFF-INTERVENOR'S MOTION FOR NEW TRIAL ON PUNITIVE DAMAGES AND ON DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

The Equal Employment Opportunity Commission ("EEOC") and Daniel Mayo, (collectively "the plaintiffs") obtained a jury verdict on liability and compensatory damages of $35,000 against Mayo's former employer, the defendant, DCP Midstream, L.P. ("DCP Midstream"). The jury found that DCP Midstream had retaliated against Mayo for complaining about racially offensive conduct and/or complaining about retaliatory conduct that he said he experienced after making his complaints. (The plaintiffs failed on their claim of racial discrimination or a racially hostile work environment.) Because of an earlier stipulation, the jury verdict resulted in a backpay award of $52,275. See Stipulations (Docket Item 164). I then sent the jury back to deliberate on punitive

damages because I had earlier bifurcated that issue at DCP Midstream's request. See Def.'s Request for Bifurcation of Damages (Docket Item 95).  When the jury was unable to agree on a punitive damages verdict, I declared a mistrial on that issue.  Oral Order (Docket Item 192).

Now, DCP Midstream has renewed its motion for judgment as a matter of law on punitive damages (Docket Item 202).  I **DENY** DCP Midstream's motion as I did at trial.  The standard for punitive damages on a federal civil rights claim is not demanding, requiring only that the defendant "acted with 'evil motive or intent' or with 'reckless or callous indifference' to the plaintiff's federally protected rights." Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 17 (1st Cir. 1999) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)).  There was evidence here from which the jury could make that finding.

For their part, the plaintiffs have requested a retrial solely on punitive damages (Docket Item 199).[1]  In opposition to the plaintiffs' request (and if its own motion is denied), DCP Midstream advocates a full retrial (*i.e.*, liability and damages) on the successful retaliation claim, but not on the unsuccessful racial discrimination and hostile work environment claims (Docket Item 203).  I find no reason to disturb the plaintiffs' clean verdict on liability for retaliation and the corresponding damages award.  I therefore **GRANT** the plaintiffs' request for retrial solely on punitive damages, concluding that there is no unfairness to the defendant in doing so.

---

[1] I will deal separately with the plaintiffs' motion for injunctive relief (Docket Item 200).

The First Circuit has stated plainly that the trial judge has discretion whether to allow a retrial as to punitive damages alone, and that there is no hard-and-fast rule. McDonough v. City of Quincy, 452 F.3d 8, 25 (1st Cir. 2006) ("[W]hether a retrial limited to punitive damages would be fair must be decided case by case. . . . [T]he district court is in a better position to make the judgment call . . . ."). The First Circuit has also provided guidance for making this discretionary decision. In McDonough, a jury had awarded the plaintiff $300,000 in compensatory damages on a Title VII retaliation claim, 452 F.3d at 13, but the trial judge had not allowed the question of punitive damages to go to the jury, id. at 23. In reversing the trial court's decision not to allow punitive damages and in remanding the case, the First Circuit observed that "the high [$300,000 emotional damages] award may partly reflect punishment for what the jury may have concluded was the degree of reprehensibility of the [defendant]'s conduct." Id. at 25. It instructed the trial judge that if it seemed likely that the jury laced its compensatory damages award with punitive intent, a retrial solely on punitive damages would not be appropriate. See id.; accord Horney v. Westfield Gage Co., 77 F. App'x 24, 36 (1st Cir. 2003) ("[T]he district court is in the best position to determine whether the question of punitive damages is so intertwined with the finding of . . . liability and the subsequent award for damages based on emotional harm such that the entire . . . claim must be retried."). The McDonough opinion cites an earlier decision, Che v. Massachusetts Bay Transportation Authority, 342 F.3d 31 (1st Cir. 2003), as an example of a compensatory award for a Title VII retaliation claim that was not sufficiently high to raise concern that it was tinged with punitive purpose. In Che, the jury awarded $125,000 for emotional distress

(Che also received $375,000 in back pay). Che, 342 F.3d at 36-37. The First Circuit had no concern about a retrial solely on punitive damages in Che. Id. at 42.

Given the evidence in this case, the jury's compensatory damage award of $35,000 here is not sufficiently high to suggest that it was in part punitive. Moreover, a retrial on punitive damages alone is hardly unfair when it was DCP Midstream who originally asked for bifurcation, thereby forcing isolation of punitive damages from the rest of the case in the first place.

At the retrial of punitive damages, I will instruct the new jury that a previous jury has found liability and the amounts that the plaintiffs have already recovered. In this way, the second jury will be placed in the same position the first jury occupied after delivering its verdict on liability and compensatory damages.[2] I will also expect the plaintiffs not to re-litigate their entire case, since they lost on their other claims.

Accordingly, the Clerk shall schedule the case for trial on punitive damages as soon as the Court's calendar permits.

**SO ORDERED.**

**DATED THIS 25TH DAY OF MARCH, 2009**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] If the plaintiffs fail in this second attempt for punitive damages, however, they will not be able to recover attorney fees for this retrial phase of the case. 42 U.S.C. §§ 1988(6), 2000e-5(k) (2000).

4